UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID DEAN WOODS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-21-237-G |
| | ) |
| SCOTT NUNN, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

Petitioner David Dean Woods, a state prisoner appearing pro se, filed this action seeking federal habeas relief pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for preliminary review. On April 28, 2021, Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 8), in which he recommended the habeas petition be dismissed upon preliminary review for failure to plead a cognizable habeas claim. In the R. & R., Judge Purcell advised Petitioner of his right to file an objection to the R. & R. by May 18, 2021. *See id.* at 7.

As of May 25, 2021, the Court had not received any objection to the R. & R. or any request from Petitioner for additional time to object. Accordingly, the Court adopted the R. & R. and ordered that this matter be dismissed. *See* Order of May 25, 2021 (Doc. No. 9); *see also* J. (Doc. No. 10).

On June 14, 2021, Petitioner filed an Objection to the R. & R. (Doc. No. 11). Petitioner also filed a Motion to Vacate (Doc. No. 12), asking that the Court consider the

merits of the tardy Objection. Petitioner states that he submitted the Objection to prison officials for mailing on May 3, 2021. *See* Pet'r's Mot. to Vacate at 1; *id.* Ex. 1 (Doc. No. 12-1) (unverified facility mail log).

The Court will consider the arguments raised in Petitioner's Objection as if they were timely filed. But, as discussed below, the Court is not convinced that a different result should be reached.

In January 2018, Petitioner was convicted in the District Court of Johnston County, Oklahoma, of drug-related and weapons-possession offenses. Pet. at 1. His Petition argued that the state court lacked jurisdiction over his criminal proceeding because the alleged crimes "occur[red] within the boundaries of the Chickasaw Nation where the Chickasaw Nation has exclusive jurisdiction." *Id.* at 5. Petitioner asserted that he was entitled to equitable tolling of his Petition due to the U.S. Supreme Court's ruling in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), "that [the] Chickasaw Nation reservation continues to exist." *Id.* at 13; *see also Bosse v. State*, 484 P.3d 286, 291 (Okla. Crim. App. 2021) (concluding that "Congress never erased the boundaries and disestablished the Chickasaw Nation Reservation").

Judge Purcell in the R. & R. found that Petitioner failed to state a cognizable claim for federal habeas relief. The R. & R. noted *McGirt*'s holding that the Creek Reservation qualified as "Indian country" for purposes of the Major Crimes Act, 18 U.S.C. § 1153, and that Oklahoma courts have applied *McGirt* to find "that 'the federal and tribal governments, not the State of Oklahoma, have jurisdiction to prosecute crimes committed by or against Indians' on Indian land." R. & R. at 4-5 (citing *McGirt*, 140 S. Ct. at 2460-82); *Bosse*, 484

2

P.3d at 289.  Judge Purcell found that *McGirt* did not apply to support Petitioner's claim of lack of state-court jurisdiction for two reasons.  First, Petitioner had acknowledged "that he is not a member of an Indian tribe."  R. & R. at 5 (citing Doc. No. 1-2, at 2).  Second, "Petitioner's criminal acts were victimless and therefore, not committed against an Indian." *Id.* at 5-7 & n.3 (citing cases).  Based upon the foregoing, Judge Purcell found that Petitioner's reliance upon *McGirt* and/or related statutory authority was misplaced and that "it is clear Oklahoma state courts possessed jurisdiction to try Petitioner on the crimes for which he was ultimately convicted."  *Id.* at 7.

Petitioner raises no disagreement with Judge Purcell's factual findings but contends that his habeas claim was misconstrued in the R. & R. because, despite his citation to *McGirt*, he was not relying upon that decision as the basis for habeas relief.  Petitioner states that his actual argument was that application of two treaty provisions deprived the state court of jurisdiction over his criminal case despite the lack of a tribal perpetrator or victim.  *See* Pet'r's Obj. at 1-2 (citing the United States' 1866 Treaty with the Choctaw and the Chickasaw as allegedly establishing that the Chickasaw Nation has the exclusive jurisdiction "to prosecute non-Indians who commit crimes against other non-Indians which occur within Chickasaw boundaries").

Contrary to Petitioner's contention, Judge Purcell reasonably construed Petitioner's jurisdictional argument, as the Petition expressly cites *McGirt* and makes no reference to treaties with a tribe or a victim who was not a member of a tribe.  Further, Petitioner's Objection fails to distinguish or even mention the numerous authorities (all decided since enactment of the 1866 Treaty) cited in the R. & R. for the proposition that state courts

3

retain jurisdiction over "victimless crimes" even if they occur on Indian land. *See, e.g.*, *Solem v. Bartlett*, 465 U.S. 463, 465 n.2 (1984) ("Within Indian country, State jurisdiction is limited to crimes by non-Indians against non-Indians and victimless crimes by non-Indians." (citation omitted)); *see also United States v. Langford*, 641 F.3d 1195, 1197 (10th Cir. 2011) ("The states possess exclusive criminal jurisdiction over crimes occurring in Indian country if there is neither an Indian victim, nor an Indian perpetrator."); *McGirt*, 140 S. Ct. at 2479 (noting that, subject to a few statutory exceptions, "[s]tates are . . . free to apply their criminal laws in cases of non-Indian victims and defendants, including within Indian country").

Finally, the cited portion of the 1866 Treaty does not prescribe that the Chickasaw Tribe has the exclusive authority to prosecute non-Indians who commit crimes on Indian land, as Petitioner alleges. Rather, it provides that the annual tribal general assembly has the "power to legislate upon all subjects and matters pertaining to . . . the administration of justice between members of the several tribes of the said Territory, and persons other than Indians and members of said tribes or nations." Treaty with the Choctaw and Chickasaw art. 8, ¶ 4, Apr. 28, 1866, 14 Stat. 769. Neither the Objection nor the Court's own review supports Petitioner's theory that this reference to general legislative authority constitutes "a specific treaty provision . . . stipulating for the 'punishment of offenses committed by white men against white men'" that deprives the federal courts of jurisdiction over such crimes if they occur on Chickasaw land. *Langford*, 641 F.3d at 1198 (quoting *United States v. McBratney*, 104 U.S. 621, 624 (1881)); *see* Pet'r's Obj. at 1-2.

Even on de novo review, Petitioner's arguments would not inject any doubt into the

propriety of dismissal. Therefore, the Court need not decide whether the Objection was timely filed.

## CONCLUSION

Accordingly, Petitioner's Objection (Doc. No. 11) and Motion to Vacate (Doc. No. 12) are DENIED.

IT IS SO ORDERED this 1st day of September, 2021.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge