# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID DEAN WOODS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-237-G |
| | ) |
| | ) |
| **SCOTT NUNN,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

In March 2021, Petitioner David Dean Woods, a state prisoner appearing pro se, filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). On May 25, 2021, the Court--adopting a Report and Recommendation—determined that the habeas petition must be dismissed upon preliminary review for failure to plead a cognizable habeas claim. *See* Order of May 25, 2021 (Doc. No. 9); *see also* J. (Doc. No. 10); R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. On June 14, 2021, Petitioner filed an objection to the R. & R., as well as a Motion to Vacate Dismissal and Reconsider Objection Pursuant to Rule 60(b) (Doc. No. 12), asking that the Court vacate and reconsider the dismissal of the petition and consider the merits of the tardy objection. The Court denied Petitioner's Motion to Vacate. *See* Order of Sept. 1, 2021 (Doc. No. 13) at 5.

Petitioner has now filed a notice of appeal of the Court's ruling. On October 1, 2021, the Tenth Circuit Court of Appeals directed a limited remand of this matter for the Court to consider whether a certificate of appealability ("COA") should issue. *See* Order, No. 21-6117 (10th Cir. Oct. 1, 2021).

A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that a reasonable juror would not find debatable the Court's dismissal of the habeas petition or denial of the Motion to Vacate. The Court expressly considered the arguments raised in Petitioner's objection as if they were timely filed and found that Petitioner had failed to plausibly allege that the state court lacked jurisdiction over his criminal proceedings pursuant to historic treaty provisions or otherwise. The Court therefore concluded that even on de novo review, Petitioner's arguments would not inject any doubt into the propriety of dismissal. *See* Order of Sept. 1, 2021, at 2-5.

## CONCLUSION

ACCORDINGLY, the requisite standard for a certificate of appealability is not met in this case.

3

The Clerk of Court is directed to supplement the preliminary appellate record with a copy of this Order.

IT IS SO ORDERED this 6th day of October, 2021.

_____
CHARLES B. GOODWIN
United States District Judge